**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2324**

_____


EDWIN PERDOMO,

                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A-74-294-472)

_____

Submitted:  September 29, 2004        Decided:  October 26, 2004

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Paul S. Haar, Pauline M. Schwartz, LAW OFFICES OF PAUL S. HAAR,
Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant
Attorney General, Donald E. Keener, Deputy Director, Greg D. Mack,
Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edwin Perdomo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) sustaining an appeal by the Department of Homeland Security and vacating a decision of the immigration judge that granted a motion to reopen a final order of deportation in absentia and granted Perdomo's request for adjustment of status. The Board reinstated the 1996 in absentia order of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a) (1994),[*] and we deny the petition for review.

We conclude that the Board did not abuse its discretion in denying the untimely motion to reopen for rescission of the in absentia order of deportation. The record reveals that Perdomo received actual notice of the hearing and did not timely move to reopen in accordance with 8 U.S.C. § 1252b(c)(3)(A) (1994). The Board did not abuse its discretion in holding that, without deciding whether the time limit set forth in § 1252(c)(3)(A) is subject to equitable tolling, Perdomo did not establish the due diligence necessary to invoke such an exception. See Scorteneau v.

---

[*]While 8 U.S.C. §§ 1105a, 1252b were repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997, because a final order of deportation was issued in this case before the effective date of the IIRIRA, these pre-IIRIRA provisions of the INA are applicable. See IIRIRA § 309(a), (c).

INS, 339 F.3d 407, 413-14 (6th Cir. 2003); Jobe v. INS, 238 F.3d 96, 100, 101 (1st Cir. 2001) (en banc).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED